BENNETT, et ux v. RAPID MOVING & STORAGE CO., Inc., et al.
No. 25704-L.

Circuit Court, Duval County.

January 19, 1959.

Dwight F. Ogier, Wayman & Ogier, Jacksonville, for plaintiffs.

J. Henson Markham, Osborne, Copp, Markham & Ehrlich, Jacksonville, for defendants.

WILLIAM H. MANESS, Circuit Judge.

This is an action in which the plaintiff-wife, Grace Ida Belle Bennett, brought suit against the defendant corporation, Rapid Moving & Storage Company, Inc., and their employee-driver, Albert Melvin, for injuries sustained by Mrs. Bennett in an intersection collision with one of the corporate defendant's trucks. The evidence amply supports the finding by the jury that the defendant-driver was guilty of negligence, and that Mrs. Bennett, who was driving her husband's car, was free from negligence proximately contributing to the accident.

During the closing arguments at the trial of the cause, counsel for plaintiffs was permitted, over timely objections of defendants' counsel, to utilize a sheet of paper on which he itemized the element of pain and suffering at the rate of $20 per day for 508 days and to suggest and argue on that basis an award of $10,160 for that element of damages.

The jury returned a verdict for the plaintiff-husband in the amount of $1,600, which included specific items of expense for doctors, hospital and medical expenses and repairs to his automobile, totaling $1,034.58, and the difference between that amount and the $1,600 is presumed to be compensation for loss of companionship and services of his wife, for which plaintiffs' counsel had suggested a figure of $500.

On the other hand, in their verdict, the jury awarded plaintiff-wife $7,500 for her damages, which necessarily must be considered compensation for past and future pain and suffering about which she testified, including her diminished capacity for the enjoyment of life. The injuries suffered by plaintiff fall generally in the category of "whiplash injuries" to the cervical spine for which she consulted and/or was treated by a general practitioner, an orthopedic surgeon, a neuro surgeon, and a neuro psychiatrist. Under the testimony of these doctors, the jury would have been justified in finding, and apparently did find, that her pain and suffering would continue for a period of two years following the date of the accident. Aside from the medical testimony and her own testimony as to the nature and extent of her mental pain and suffering, Mrs. Bennett's husband testified that his wife had undergone a personality change, in that before the accident she was and had been a cheerful person, always in good spirits, but that since the accident she is nervous, hysterical, dependent on her husband more than ever before, and dissatisfied with his being away from home in his work as a chief mate on a U. S. Civil Engineers dredge.

In their motion for a new trial, defendants rely principally upon their contention that the verdict as to the plaintiff-wife is excessive, and that the court erred in permitting counsel for plaintiff to argue the element of pain and suffering on a unit or per diem basis. The other grounds of the motion were argued, but the court does not consider them of sufficient importance to be treated in this order, other than to deny the same.

With respect to the contention that the damages awarded the plaintiff-wife are excessive, the court is of the opinion that while the award may be said to be on the "high side," compared to verdicts generally returned in this class of case, it nevertheless does not shock the conscience of this court and is supported by competent evidence which the jury was at liberty to accept or reject. Therefore, the contention that the verdict is excessive will be overruled.

On the question of the propriety of permitting counsel for plaintiff to suggest and argue to the jury that they should award Mrs. Bennett $20 per day as compensation for pain and suffering, or to use any formula or mathematical computation as a basis for arriving at a figure for pain and suffering, neither counsel has cited any Florida decision on this point and the court is not aware of any. In support of defendants' motion, counsel relies mainly and heavily on Botta v. Brunner (N.J.1958), 138 A. 2nd 713, and Henne, et al. v. Balick (Del. 1958), 146 A. 2nd 394, and an abundance of authority for their position is cited in these two cases, as well as many authorities of jurisdictions which approve the practice complained of. Also relied on by defendants, is the decision in the case of Braddock v. Seaboard Air Line R. R. Co., 80 So. 2d 662, in which the Supreme Court of Florida held that compensation for future pain and suffering is so peculiarly a matter within the enlightened conscience of the jury and requires such a high order of human judgment that such sum as the jury awards should not be treated as the loss of an annuity and subjected to reduction to its present value by a mathematical calculation.

In the Braddock case our Supreme Court specifically pointed out that it was not required to pass upon the method of counsel's argument to the jury by which the damages are broken down on a per diem basis—which was neither challenged or disapproved in the trial court.

Defendants strongly contend that those jurisdictions that have refused to require compensation for future pain and suffering to be reduced to its present money value, have also generally held that it is improper to argue the element of pain and suffering on a unit or per diem basis on the reasoning followed in the Botta and Henne cases above cited. However, a careful study of the Braddock case, supra, does not lead to the conclusion that Florida is committed to such a result, or that a contrary holding would be in conflict with that opinion. No useful purpose would be served in reviewing the arguments or naming the respected jurisdictions that have aligned themselves on each side of the question. This court treats the question as being without precedent in Florida and must adopt the reasoning most cogent, logical and seemingly that which will most consistently produce a fair and just result in its application.

The rule for measuring damages for pain and suffering, past, present and future, is that there is *no standard* by which to measure it *except the enlightened conscience of impartial jurors*. It is the duty of the jury to determine from the evidence what sort of in-

juries the plaintiff received, if any, their character as producing or not producing pain, the mildness or intensity of the pain and its probable duration. As was said in the Braddock case, supra— "Jurors know the nature of pain, embarrassment and inconvenience, and they also know the nature of money. Their problem of equating the two to afford reasonable and just compensation calls for a high order of human judgment, and the law has provided no better yardstick for their guidance than their enlightened conscience. Their problem is not one of mathematical calculation but involves an exercise of their sound judgment of what is fair and right."

The above-quoted portion of the Braddock case preceded the holding that future pain and suffering must not be reduced to its present value by the jury in the fixing of their verdict. But it does not follow that the jury in exercising the "high order of human judgment" must guess or pull a figure "out of the air." It does mean that without the aid of a fixed standard, the jury must think, deliberate, and by some mental process arrive at an award of compensation for pain and suffering which is as different in each case as the fingerprints of the human hand. It follows that if the jury is to arrive at reasonable compensation for pain and suffering by any method other than guesswork any argument of counsel that may reasonably be said to be helpful or properly considered by the jury in their mental processes, based on a mathematical formula suggested by counsel or otherwise, is not improper. What is put on the blackboard in the course of the argument of counsel is not put in the record and is not evidence and it is common practice for counsel, the court or both to make it clear to the jury that the argument of counsel is not evidence and such may be the subject of one of the court's instructions upon request. It does not invade the realm of expert testimony because the subject matter deals only with common sense, everyday experiences. If the suggested formula or unit or per diem basis is unreasonable, that fact may be demonstrated to the jury by appropriate argument in reply. To say that the jury is to be denied the views of counsel in trying to fix compensation for pain and suffering for which the law provides no fixed standard is to invite speculation, and if counsel cannot argue to the jury what may be considered to be fair, reasonable and just compensation *and show the basis by which counsel arrives at such conclusion,* how can this court in reviewing the verdict ever say that any award for pain and suffering is excessive and unreasonable? To deny counsel the right to make a suggestion is to hold that the award of the jury is conclusive and is not subject to review because there is no standard which the court can apply.

If the breaking down of pain and suffering to the minute, hour, day, week, or month or year tends to mislead the jury into an excessive verdict for little injury, pain or suffering, by the same logic failure to impress the jury with such detailed consideration of plaintiff's suffering in a case of serious injury, pain and suffering will tend to create injustices through inadequate awards. Jurors aren't so easily fooled—they know the nature of pain and the nature of money and can detect unreasonable and phoney claims asserted by counsel in a closing argument in whatever form they take as easily and as correctly as they can reconcile the conflicting testimony of the parties and other witnesses on a multitude of other issues. This is the juror's province.

It appearing to this court that the jury was not misled by the argument of plaintiffs' counsel and that the "per diem" argument on pain and suffering was not improper and that no error has been shown, it is ordered and adjudged that defendants' motion for a new trial is denied.